Stella L. **CARTER**, Plaintiff–Appellant,

v.

Michael J. **ASTRUE**, Commissioner of Social Security, Defendant–Appellee.

No. 07–15956.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008 *.

Filed Jan. 8, 2009.

Law Offices of Bess M. Brewer & Associates, Sacramento, CA, for Plaintiff–Appellant.

USSAC—Office of the U.S. Attorney, Sacramento, CA, Mary Parnow, Esq., SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: CANBY and WARDLAW,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Circuit Judges, and MILLS,** District Judge.

## MEMORANDUM ***

Stella L. Carter ("Carter") seeks Title II Disability Insurance Benefits. An Administrative Law Judge ("ALJ") denied benefits, and the district court affirmed.

On appeal, Carter challenges the ALJ's Residual Functional Capacity ("RFC") analysis. She argues that the ALJ erred by failing to mention the records or findings of Dr. Malabed, a treating physician who found that Carter suffered from a range of motion limitation and degenerative disc disease. An ALJ has an obligation to explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). When the probative evidence takes the form of a treating physician's contradicted medical findings, an ALJ must articulate specific and legitimate reasons for the rejection. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). In light of these standards, the ALJ's failure to mention Dr. Malabed's findings was erroneous.

Further, the ALJ's error pervades the entire RFC assessment. Dr. Malabed's opinion contains objective medical evidence of Carter's impairments. The ALJ relied on a lack of such evidence to reject the functional limitations found by Dr. Wiggins and to discount Carter's credibility. Therefore, remand is necessary for the ALJ to consider Dr. Malabed's records and to perform a new RFC analysis.[1]

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

1. Since a new RFC analysis is necessary, we do not address Carter's other challenges to the RFC calculation or her allegation that the ALJ improperly relied on the grids.